IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



STARTRAK INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                    Civil Action No. 3:14cv384

MARK-IT SERVICES, INC.,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE, PURSUANT TO 28 U.S.C. § 1404(a) (Docket No. 17). For the reasons set forth below, the motion will be granted.

## BACKGROUND

On May 30, 2014, StarTrak Information Technologies, LLC ("StarTrak") filed this patent infringement action against Mark-It Services, Inc. ("Mark-It") and WAM Technologies, LLC ("WAM"). On July 21, 2014, Mark-It and WAM filed the DEFENDANTS' MOTION TO DISMISS (Docket No. 15) and the pending Motion to Transfer Venue.

Rather than respond to the Motion to Dismiss the Complaint, StarTrak filed an Amended Complaint on July 31, 2014 to which Mark-It and WAM filed Answers on August 18 (Docket No. 33). At the Initial

Pretrial Conference on August 27, 2014, the Court heard argument on the Motion to Transfer Venue.

StarTrak is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Rochelle Park, New Jersey. Mark-It is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Lakehurst, New Jersey. Mark-It is the parent company of WAM, which is a limited liability company organized under the laws of Florida with its principal place of business in Fort Myers, Florida.

StarTrak is a wholly-owned subsidiary of Orbcomm, Inc., which is a Delaware corporation with its headquarters in Rochelle Park, New Jersey. Orbcomm has fairly extensive facilities in the Eastern District of Virginia.

The Amended Complaint in this action alleges that Mark-It and WAM are infringing U.S. Patent No. 7,702,327 (the "'327 Patent") which is entitled "WIRELESS CONTROL FOR CREATION OF, AND COMMAND RESPONSE TO, STANDARD FREIGHT SHIPMENT MESSAGES." The inventors of the '327 Patent live in New Jersey. They assigned all interest in the '327 Patent to StarTrak.

Approximately eight days before filing this action, StarTrak filed, in the District of Delaware, an action against Mark-It and WAM, alleging that they infringed U.S. Patent Nos. 8,390,464 (the "'464 Patent") and 6,292,724 (the "'724 Patent"). Those patents

2

appear to involve methods of monitoring and tracking refrigerated containers that is also the method claimed in the '327 Patent. However, it appears that the tracking and monitoring claimed in the '464 Patent and '724 Patent are effectuated in a somewhat different way than claimed in the '327 Patent.

Although StarTrak contends that it conducts product development, sales, marketing, computer application services and legal operations in Sterling, Virginia, it appears that Orbcomm actually is conducting such operations. StarTrak is not registered with the Virginia Corporation Commission. Neither Mark-It nor WAM are located in, or registered to do business in, Virginia. Neither are any employees or contractors of the defendants located in Virginia, although the defendants have customers who use the tracking services while their trains travel through Virginia.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The basic purpose of § 1404(a) is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Original Creatine Patent Co. v. Met-Rx

3

USA, Inc., 387 F. Supp. 2d 564, 566 (E.D. Va. 2005) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

The analysis to be made in determining a motion for transfer made under § 1404(a) requires that the Court first determine whether the action could have been brought in the proposed transferee forum and then consider the following factors: "(1) the plaintiff's choice of venue, (2) the convenience of the parties and witnesses, and (3) the interest of justice." Jaffe v. LSI Corp., 874 F. Supp. 2d 499, 502 (E.D. Va. 2012).

It is undisputed that this action could have been brought by StarTrak in Delaware. Thus, the resolution of the motion turns upon the second component of the analysis: the three factors traditionally considered in deciding motions under § 1404(a).

1. **StarTrak's Choice of Forum**

The plaintiff's choice of forum is generally given substantial weight; however, "the plaintiff's choice of forum is not entitled to substantial weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action bears little or no relation to the chosen forum." Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 692 (E.D. Va. 2007). And, as the Court previously has explained: "if there is little connection between the claims and this judicial district, that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 635 (E.D. Va. 2003).

Although Orbcomm has significant connections to Virginia, StarTrak does not. It is a Delaware LLC with its principal place of business in New Jersey. It does not appear that StarTrak is registered to do business in Virginia and actually has a quite limited physical presence in Virginia. Those circumstances counsel that StarTrak's decision to file in this district should be given little deference. NanoEnTek, Inc. v. Bio-Rad Labs., Inc., No. 2:11-cv-427, 2011 WL 6023189, at *2 (E.D. Va. Dec. 2, 2011).

Nor do the defendants have meaningful connections in Virginia. Mark-It, the parent of WAM, is a Pennsylvania corporation with its principal place of business in New Jersey. WAM is a Florida limited liability company with its principal place of business in Florida.

Defendants do have customers located in Virginia who use the accused infringing method in tracking trains travelling through Virginia. The asserted claims have no meaningful connection to Virginia. For example, the record to date establishes that the accused instrumentality was designed, developed and has always been operated out of New Jersey. See Koh, 250 F. Supp.2d at 638; see also USA Labs., Inc. v. Bio-Engineered Supplements & Nutrition, Inc., No. 1:09-cv-047, 2009 WL 1227867 (E.D. Va. May 4, 2009). It appears that the center of activity in this case is New Jersey, where the accused instrumentality was designed, developed, and operated, and out of

5

which Mark-It conducts its activities and directs the activities of WAM.[1]

## 2. The Convenience Factor

Considering the convenience of the parties and the witnesses requires an assessment of the availability of sources of proof and the cost of obtaining the attendance of witnesses, as well as the availability of compulsory process. Lycos, 499 F. Supp. 2d at 693 (quoting Samsung Elecs. Co. v. Rambus, Inc., 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005)). It appears from the record that the parties will have more efficient access to documentary proof and to the testimony of important witnesses if the case is litigated in the District of Delaware. It also appears that the third-party witnesses are more accessible to the parties if the litigation is conducted in Delaware.

Based on the record, the convenience factor weighs in favor of a transfer to Delaware.

## 3. The Interest of Justice

The interest of justice factor focuses on "systemic integrity and fairness, . . . docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest

---

[1] The fact that the products made by the defendants are used by companies whose trains travel through Virginia and the small quantity of revenue achieved thereby does not warrant a finding that connects the infringement claims to Virginia.

in avoiding unnecessary conflicts of law." Jaffe, 874 F. Supp. 2d at 505 (quoting Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)). These factors in general are neutral in the analysis in this case, and the parties do not seriously argue otherwise. The principal argument around which the parties have chosen to frame the interest of justice factor is that StarTrak has demonstrated that it is appropriate to litigate in Delaware because it has filed an action involving the same technology and methods in Delaware, and it is now pursuing that action there.

At oral argument, it was agreed that the claims in the patents-in-suit in Delaware and the claims in the patent-in-suit in this district do not involve the construction of the same claim terms and that, generally, the defenses, although they may be generically described to be the same, are not borne of the same factual predicates. However, it also was agreed that the methods and technologies that are the subject of the action here are substantially the same methods and technologies that are at issue in the pending Delaware case in that, in each instance, the method and technology provides a means of tracking and monitoring goods and shipments, albeit in somewhat different fashion. On that score, the facts in this action closely parallel those in Global Tel*Link Corp. v. Securus Technologies, Inc., No. 3:13-cv-713, 2014 U.S. Dist. LEXIS 28773, at *6 (E.D. Va. March 4, 2014), wherein the Court observed that "[t]ransfer would require only one court to familiarize itself

with the technology embodied in the patents being disputed by the Parties. It would be inefficient, therefore, for the Parties to wage - and the Court to referee - this dispute on two different fronts." For that reason, the Court found that the interest of justice strongly favored transfer. So too does it here. And, for the same reasons. Further, considering that StarTrak chose the Delaware forum to initiate the first filed of the actions involving the similar methods in technology, it is even more so that the interest of justice favors transfer in this case.

## CONCLUSION

For the foregoing reasons, the DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE, PURSUANT TO 28 U.S.C. § 1404(a) (Docket No. 17) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 7, 2014